United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-10972

IRMA JEAN JAMES and TERRI LARY,

Plaintiffs-Appellees,

VERSUS

CITY OF DALLAS TEXAS; ET AL,

Defendants,

CITY OF DALLAS TEXAS,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

(3:98-CV-436-R)

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellee Irma Jean James brought suit on behalf of a certified class against Appellant City of Dallas (the "City") and Aquila Allen, a former administrator of the City's Urban Rehabilitation

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Standards Board ("URSB"), seeking damages based on the City's order of demolition of a building James owned and injunctive relief related primarily to the lien the City imposed on the property to secure the cost of such demolition. James subsequently amended her complaint several times, eventually non-suiting her claim against Allen, adding plaintiff Terri Lary, and adding the United States Department of Housing and Urban Development ("HUD") as a defendant. James and Lary (collectively, "Plaintiffs") also sought certification of two classes under FED. R. CIV. P. 23(b)(2). After conducting a hearing on Plaintiffs' proposed class certifications in October 1999, the district court entered an order certifying two classes under Rule 23(b)(2), one of which was based on due process claims and the other on racial discrimination grounds. The City appealed the district court's certification determinations.

A panel of this Court modified the number of claims for which the Plaintiffs could potentially recover under the due process class and concluded that Plaintiffs failed to demonstrate Article III standing to seek the relief requested for the race discrimination class. James v. City of Dallas, 254 F.3d 551, 573 (5th Cir. 2001) ("James I"). The court in James I determined that the due process class could seek potentially available injunctive relief on seven of their original twelve requests: "(1) cancel the debt assessed for demolition costs and associated fees/interest and file notice in the public deed records that the debt was cancelled, (2) file a release of the lien in the public deed records, (3)

2

ensure that title is clear on the property, (4) ensure that all City records concerning the property show the debt cancelled, (5) refrain from taking any steps to enforce the lien or collect the debt, (6) refrain from foreclosures based on demolition liens, and (7) refrain from retaliatory action such as refusing to issue building permits."  Id. at 564 n.10.

On remand, the district court bifurcated the due process class issues for a bench trial (over the City's objection), leaving the claims seeking individual money damages for a jury trial.  The district court tried the due process claims without a jury on December 9, 2002.  In August 2003, the district court entered its findings of fact and conclusions of law, ordering a permanent injunction against the City on the due process claims.  James v. City of Dallas, No. 3:98-CV-436-R, 2003 WL 22342799 (N.D. Tex. Aug. 28, 2003) ("James II").  The City timely filed the instant appeal.

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing and arguments, we find no reversible error in the district court's findings of fact and conclusions of law.  We therefore AFFIRM the final judgment of the district court essentially for the reasons stated in its order.

**AFFIRMED.**